IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dustin Lyn Hammond, ) | C/A No.: 1:24-6722-BHH-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Matthew Charles Anderson, M.D., ) | REPORT AND |
| Drew Alan Ratner, M.D., and ) | RECOMMENDATION |
| Michael James Colello, M.D., ) | |
| ) | |
| Defendants. ) | |
| ) | |

Dustin Lynn Hammond ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the district judge dismiss the case without prejudice and without leave for further amendment.

I.  Factual and Procedural Background

Plaintiff is a pretrial detainee incarcerated at Greenville County Detention Center ("GCDC") on charges of grand larceny and murder.[1] [ECF

---

[1] The court takes judicial notice of matters of public record related to Plaintiff's state court actions. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (explaining courts "may properly take judicial notice of matters of public record").

No. 30 at 2, 4]; *see also* Greenville County Public Index, http://publicindex.sccourts.org/Greenville/publicindex.PISearch.aspx (last visited Feb. 11, 2025) (identifying "Dustin Lyn Hammond" as "Defendant" and showing "Pending" statuses for Case Nos. 2021A2330208551 and 2021A2330208730).

Plaintiff filed a complaint against Prisma Health Orthopedic ("PHO") on November 21, 2024. [ECF No. 1]. On November 25, 2024, the undersigned issued a proper form order advising Plaintiff that he had not provided documents required for issuance and service of process [ECF No. 10], as well as an order and notice advising him of deficiencies in his complaint [ECF No. 11]. The orders permitted Plaintiff an opportunity to file an amended complaint and required documents. Plaintiff subsequently filed an amended complaint on December 9, 2024. [ECF No. 13]. The undersigned reviewed the amended complaint, identified deficiencies, and issued a second proper form order and a second order and notice on December 13, 2024. [ECF Nos. 17, 18]. The orders permitted Plaintiff until January 3, 2025, to file a second amended complaint and to properly complete and return documents required for service of process. *See id.*

Plaintiff subsequently filed a motion for an extension of time to comply with the court's orders, but did not specify the amount of time he needed. [ECF No. 21]. On December 30, 2024, the undersigned issued an order granting

Plaintiff's motion and extending the period to comply with the second proper form order and second order and notice until January 24, 2025. [ECF No. 25]. The order specified January 24, 2025, was "the revised final deadline" and "[n]o further requests for extension w[ould] be granted." *Id.* It warned Plaintiff that "failure to respond to the court's prior orders may result in the undersigned recommending the case be dismissed for failure to prosecute." *Id.*

Having received no response from Plaintiff, on January 29, 2025, the undersigned issued a report and recommendation recommending the case be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). [ECF No. 28]. The report and recommendation included the following provision: "If Plaintiff provides an amended complaint and documents required for service of process within the time set for filing objections . . . , the Clerk is directed to vacate this Report and Recommendation and return the file to the undersigned for further action." *Id.* at 6–7. Plaintiff filed an amended complaint, a proposed summons, and forms USM-285 on February 7, 2025. [ECF Nos 30, 31]. Therefore, the Clerk vacated the report and recommendation and referred the case back to the undersigned.

In the second amended complaint, Plaintiff brings suit pursuant to 42 U.S.C. § 1983 against Prisma Health physicians Matthew Charles Anderson, M.D. ("Dr. Anderson"), Drew Alan Ratner, M.D. ("Dr. Ratner"), and Michael James Colello, M.D. ("Dr. Colello") (collectively "Defendants"). [ECF No. 30 at

3

2–4]. He alleges he sustained an injury on June 30, 2022, when he fell out of his bed at GCDC. *Id.* at 5. It appears Plaintiff was transported to the hospital immediately following the injury and attended a follow up visit on July 6, 2022. *See id.* at 5–6; *see also* ECF No. 30-1.

Plaintiff attaches several pages of medical records to the second amended complaint that provide additional details. [ECF No. 30-1]. These records indicate Plaintiff sustained a traumatic closed displaced fracture of the left shoulder with anterior dislocation on June 30, 2022, and was transported to the emergency room at Prisma Health Greenville Memorial Hospital ("GMH"), where Dr. Colello treated him and released him the following day. *Id.* at 1. Plaintiff attended an outpatient follow up visit with Dr. Anderson and Dr. Ratner on July 6, 2022, to discuss surgical options. *Id.* at 1, 4. Dr. Anderson stated a plan to treat Plaintiff's injury without surgery and with "sling immobilization and nonweightbearing to the left upper extremity for 4 weeks," and to "see him back in 4 weeks with repeat x-rays," and Dr. Ratner agreed with the assessment and plan of care. *Id.* at 3, 4. Plaintiff claims he "was not given surgery o[r] a follow up visit" and his injury subsequently callused and healed improperly. [ECF No. 30 at 5–6].

Plaintiff asserts Defendants violated his rights under the Fourteenth Amendment and caused him irreparable harm. *Id.* at 4. He requests the court order "various surgeries and rights to medications" and award him monetary

damages. *Id.* at 6.

II.  Discussion

    A.  Standard of Review

Plaintiff filed the second amended complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings

means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

    1. Section 1983 Claim

Plaintiff brings his claim pursuant to 42 U.S.C. § 1983. To state a plausible claim for relief under 42 U.S.C. § 1983,[2] an aggrieved party must sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014).

The government has an obligation to provide medical care to prisoners. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976). The Supreme Court has

---

[2] Plaintiff's complaint is before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

6

recognized that a private physician may be considered a state actor when treating a prisoner pursuant to a contract with state or local officials to provide such services. *See West v. Atkins*, 487 U.S. 42, 54 (1988). Generally, to assert a viable § 1983 claim against a state actor, a plaintiff must allege a causal connection or affirmative link between the conduct of which he complains and the individual sued. *See Iqbal*, 566 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution). "In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.'" *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985).

Liberal construction of the complaint suggests Plaintiff is likely attempting to bring a claim for violation of the Eighth Amendment's proscription against cruel and unusual punishment under the Fourteenth Amendment. "[P]retrial detainees are entitled to at least the same protection under the Fourteenth Amendment as are convicted prisoners under the Eighth Amendment." *Young v. City of Mount Rainier*, 238 F.3d 567, 575 (4th Cir. 2001) (citing *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 243–44 (1983)). A claim for cruel and unusual punishment is properly brought by a pretrial detainee under the Fourteenth Amendment. *See Bell v. Wolfish*, 441

7

1:24-cv-06722-BHH     Date Filed 02/12/25     Entry Number 37     Page 8 of 14


U.S. 520, 535, 537 n.16 (1979); *see also Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988).

Plaintiff appears to allege Defendants' failure to perform surgery evidenced deliberate indifference to his serious medical need. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' *Gregg v. Georgia, supra*, at 173, 96 S. Ct. at 2925 (joint opinion), proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983," but not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* "In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106. "It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Id.* "A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Id.* "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.*

Although private physicians may be considered state actors under some circumstances, the facts Plaintiff alleges do not support a finding that Defendants were state actors under these circumstances. Plaintiff crossed

through the section on the complaint form asking him to explain how Defendants acted under color of state law, ECF No. 30 at 4, and has not alleged the existence of any contract between Defendants and state or local officials such that they would be considered state actors. It appears Plaintiff was transported by GCDC staff to GMH for emergency treatment following an acute injury and to the office of Drs. Anderson and Ratner for follow up. This court was recently presented with similar circumstances in *Franks v. Jones*, C/A No. 6:24-cv-3232-JDA-KFM, 2024 WL 3950384, at * 4 (D.S.C. Aug. 9, 2024), *report and recommendation adopted as modified by* 2024 WL 3949415 (Aug. 27, 2024). The court explained:

> Here, even liberally construed, the amended complaint "includes no facts that establish such a 'close nexus' between [the defendant's] challenged actions and the state" such that the defendant's actions "may be 'fairly treated' as those of the state itself." *See Perry v. Chattem, Inc.*, C/A No. 7:08-cv-00106, 2008 WL 983428, at *4 (W.D. Va. Apr. 9, 2008). For example, although the plaintiff alleges that the defendant provided medical treatment for him in 2017 while he was a prisoner in the custody of SCDC, he concedes that the defendant was an employee at Prisma-Palmetto Health (not SCDC or any state entities) (doc. 1 at 5, 6–7). Indeed, the plaintiff has not alleged that the defendant traveled to the prison to treat the plaintiff or otherwise contracted with SCDC specifically to treat the plaintiff; instead, it appears the defendant treated the plaintiff at the Prisma-Palmetto Health hospital as part of his routine work for Prisma-Palmetto Health (*id.*). As such, even liberally construed, the plaintiff has failed to establish a 'close nexus' whereby the defendant's alleged private conduct is considered action by the state. As such, even if the plaintiff had brought his case into proper form, the instant matter would still be subject to summary dismissal because the defendant is not a state actor for purposes of a § 1983 action (and the instant matter is time-barred).

9

*Id.* Applying the reasoning in *Franks* to the instant case supports a finding that Defendants do not qualify as state actors merely because GCDC employees transported Plaintiff to their places of employment for treatment. *See* ECF No. 30 at 4.

Plaintiff has also failed to allege Defendants acted personally in the deprivation of his rights. He indicates he received no follow up after the July 6, 2022 visit, but attaches documents showing Drs. Anderson and Ratner directed him to "[r]eturn in about 4 weeks (around 8/3/2022) for Repeat evaluation of left shoulder with x-rays." [ECF No. 30-1 at 6]. Plaintiff appears to claim Defendants should have ordered surgery on or before July 6, 2022, because a November 7, 2024 x-ray and findings as of January 23, 2025, show his fracture callused and healed improperly. [ECF No. 30 at 9]. However, it does not appear that Plaintiff attended the follow up visit Drs. Anderson and Ratner recommended on or about August 3, 2022, or any additional follow up visits that would have allowed them to assess the healing of his fracture between July 2022 and November 2024. Furthermore, even if Drs. Anderson and Ratner were negligent in declining to recommend surgery on July 6, 2022, their negligence does not support a constitutional claim for deliberate indifference to a serious medical need.

For the foregoing reasons, the undersigned recommends the court find Plaintiff has failed to state a § 1983 claim against Defendants. The

undersigned further recommends the court deny Plaintiff leave for further amendment because it is unlikely he can bring any colorable claim against Defendants under the Constitution or federal law.

2.  State Law Claims

Under South Carolina law:

> A plaintiff alleging medical malpractice must provide evidence showing (1) the generally recognized and accepted practice and procedures that would be followed by average, competent practitioners in the defendants' field of medicine under the same or similar circumstances, and (2) that the defendants departed from the recognized and generally acceptable standards. *Pederson v. Gould*, 288 S.C. 141, 143–44, 341 S.E.2d 633, 634 (1986); *Cox v. Lund*, 286 S.C. 410, 334 S.E.2d 116, 118 (1985). Also, the plaintiff must show that the defendant's departure from such generally recognized practices and procedures was the proximate cause of the plaintiff's alleged injuries and damages. *Green v. Lilliewood*, 272 S.C. 186, 193, 249 S.E.2d 910, 913 (1978). The plaintiff must provide expert testimony to establish both the required standard of care and the defendants' failure to conform to that standard, unless the subject matter lies within the ambit of common knowledge so that no special learning is required to evaluate the conduct of the defendants. *Pederson*, 288 S.C. at 143, 341 S.E.2d at 634.").

*David v. McLeod Regional Medical Center*, 626 S.E.2d 1, 3–4 (S.C. 2006) Plaintiff has not alleged sufficient facts to support a finding that Defendants departed from the recognized and generally accepted practices and procedures and that their departure from such procedures was the cause of his injury and damages. Therefore, to the extent he may be attempting to bring a claim for medical malpractice under state law, he has not alleged sufficient facts to support such a claim.

11

Even if Plaintiff were able to state a cause of action for medical malpractice against Defendants under state law, the undersigned recommends the court decline to exercise jurisdiction over the state law claim. In *Martin v. Town of Summerville*, C/A No. 2:19-cv-774-RMG, 2021 WL 2014995, at *4 (D.S.C. May 20, 2021), *aff'd*, No. 21-1624, 2023 WL 2708969 (4th Cir. Mar. 30, 2020), the court explained:

> District court customarily decline to exercise supplemental jurisdiction over state law claims when the federal claims are dismissed. *See* 28 U.S.C. § 1367; *Godwin v. Tween Brands, Inc.*, No. 3:15-cv-1493, 2015 WL 3820008, at *3 (D.S.C. June 18, 2015) (declining to exercise jurisdiction over claim for violation of § 45-9-10 where claim for violation of § 1981 was dismissed). "It has been consistently recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). Therefore, "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *Id.*

Given that Plaintiff has not alleged sufficient facts to state a claim under the Constitution or federal law on which relief may be granted, the undersigned recommends the court decline to exercise pendent jurisdiction over any potential state law claims.

III. Conclusion

For the foregoing reasons, the undersigned recommends the court dismiss this matter without prejudice and without issuance and service of process for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). It is further recommended that the court decline to

exercise pendent jurisdiction over any potential state law claims and deny Plaintiff leave for further amendment.

    IT IS SO RECOMMENDED.

February 12, 2025　　　　　　　　　　　Shiva V. Hodges
Columbia, South Carolina　　　　　　　United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

13

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).